## WHEELER *v.* WHEELER.

*(Supreme Court, General Term, Fifth Department.   October, 1888.)*

VENDOR AND VENDEE—PAYMENT OF INCUMBRANCES—JUDGMENT—SATISFACTION.
Where a vendor incurs a personal obligation to pay off incumbrances which the vendee had covenanted to pay, and it is agreed between the vendor and vendee that the latter is to satisfy such obligation when convenient, an heir of the vendor who has procured an assignment of the judgment on the vendor's obligation cannot be compelled to assign the judgment upon a tender by the vendee of the amount of such judgment.

Appeal from special term, Yates county.
Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.
*William S. Oliver,* for appellant.   *William T. Morris,* for respondent.

BARKER, P. J.   In this action the material facts are the same as in the action between the same parties, just considered by this court, *(ante,* 496,) on the defendant's appeal from the judgment entered in that action.   This action is to compel the defendant, the owner of the decree in the foreclosure action, to assign and transfer the same to the plaintiff on payment of the amount due thereon.   In this action it is specifically found, as a fact, that the deceased vendor borrowed the $1,600 mentioned, for the purpose of paying off existing incumbrances of one John Simons, and gave his bond, promising to repay the sum secured by the said mortgage; and that it was agreed between the plaintiff and his father, at the time the money was loaned, that the former might pay the interest on the mortgage, and that the principal might be paid by him at such time as was satisfactory to the obligee and mortgagee, Mr. Simons.   The validity of the judgment, and that the mortgage remains a lien upon the lands, notwithstanding the tender attempted to be made, is fully recognized; and the defendant is permitted to proceed to sell the premises, if the plaintiff does not pay the defendant the amount due on the decree within the time mentioned in the judgment.   The judgment should be modified by striking out the provision requiring the defendant to assign the judgment, and also that the plaintiff recover costs against the defendant; and, as modified, affirmed, with the costs of this appeal to be paid to the appellant by the respondent.   All concur.